REQUESTED BY: Senator Dave Newell State Capitol Lincoln, NE 68509
Dear Senator Newell:
In your letter of February 5, 1981, you direct our attention to Neb.Rev.Stat. § 14-1021 (Reissue 1977) and indicate that you may be desirous of introducing legislation to amend or repeal this section depending upon our response to your several questions.
You first direct our attention to the portion of that statute which prohibits members of water district boards from unduly participating in municipal politics and the statement that such prohibition was created to remove the directors from the influence of partisan politics. You observe that municipal elections are no longer partisan in nature and ask our opinion as to whether or not the prohibition and the intent are therefore inconsistent.
Partisan activity has come to mean affiliation with one or another political party but classically the word partisan when used as an adjective implies unreasonable allegiance or adherence to a party, faction or belief. Therefore in the early part of this century when this provision was enacted, a more classic definition may have been in the minds of the legislators. Of course, as you know, there exists no legislative history on statutes of this age, the examination of which might have assisted us in gleening the intended breadth of this prohibition. Therefore, absent any express legislative history we would decline to speculate as to what the Legislature may have intended by the use of these words.
You also ask our interpretation of the phrase `. . . undue activity or participation. . .' Here again without the benefit of express legislative history, it is impossible for us to offer anything other than perhaps a dictionary definition of the word undue, and therefore, would decline to speculate as to what definition the Legislature may have had in mind.
More generally, you inquire as to whether or not such a prohibition would be violative of the First Amendment to the Constitution of the United States. In this regard, the United States Supreme Court has upheld state laws restricting the political activities of public officials. See, for example, Broadrick v. Oklahoma, 413 U.S. 601. While the court has upheld such prohibitions, it has stated that statutes attempting to restrict or burden the exercise of First Amendment rights must be narrowly construed and reflect a considered legislative judgment that a particular type of expression must be prohibited in order to protect other compelling needs of society. Broadrick v. Oklahoma, supra.
Given the fact that since as you note most, if not all, of municipal political activities are conducted on a nonpartisan basis, it would be difficult to conceive a rational basis on which this prohibition might be supported. Additionally, given the uncertainties surrounding the meaning of both the words and phrases used and to original intent, it may be that such a prohibition would be unconstitutionally vague.
Therefore, in spite of the fact that courts have historically upheld prohibitions on public employee participation in partisan politics, we believe that the restrictions contained within Neb.Rev.Stat. § 14-1021 (Reissue 1977) are constitutionally suspect at best.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General